United States District Court
Southern District of Texas
**ENTERED**
December 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MACARIO SAENZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-cv-00394 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Opposed Motion to Remand"[1] and Defendant's response.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute. Plaintiff Macario Saenz alleges that, on or about July 26, 2020, Hurricane Hanna damaged his insured property.[3] Plaintiff alleges that Defendant State Farm Lloyds failed to properly inspect Plaintiff's property and has failed to pay under the parties' insurance policy and violated the Texas Insurance Code.[4]

Plaintiff commenced this case on September 8, 2021, by filing his original petition in Texas state court.[5] A process server served Defendant on September 14th.[6] Thirty days later, Defendant

---

[1] Dkt. No. 6.
[2] Dkt. No. 7.
[3] Dkt. No. 1-2 at 7, § V.
[4] Id. at 7–9, §§ V–VI.
[5] Dkt. No. 1-2.
[6] Id. at 13.

removed to this Court.[7] Plaintiff dilatorily filed his instant motion to remand on November 4, 2021,[8] and the motion is ripe for consideration. The Court turns to its analysis.

## II. Discussion

### a. Legal Standard

The Court must police its own subject matter jurisdiction on its own initiative.[9] It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[10] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[11] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[12] While the Court has jurisdiction to determine its jurisdiction,[13] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[14] It is also a "long-standing canon of statutory interpretation that removal statutes are to be construed strictly against removal and for remand"[15] so "any doubt as to the propriety of removal should be resolved in favor of remand."[16]

If the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different

---

[7] Dkt. No. 1.
[8] Dkt. No. 6.
[9] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).
[10] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).
[11] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[12] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)
[13] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").
[14] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).
[15] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).
[16] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted).

state from each plaintiff[17] and the amount in controversy exceeds $75,000.[18] When the amount in controversy is at issue, the Court makes an arithmetical assessment of the claims and values at issue as of the moment of removal; subsequent events which purport to change the amount in controversy do not oust the Court's jurisdiction.[19] The party invoking federal diversity jurisdiction "bears the burden of establishing the amount in controversy by a preponderance of the evidence."[20] "The removing defendant can meet its burden if it shows by a preponderance of the evidence that: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount"[21] such as "affidavits and deposition testimony."[22] If the plaintiff claims a specific amount in the complaint, the amount stated "is itself dispositive of jurisdiction if the claim is apparently made in good faith."[23] In other words, "where the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed"

---

[17] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side.").

[18] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).

[19] *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that removal is to be "determined according to the plaintiffs' pleading at the time of the petition for removal.").

[20] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *accord Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)) ("In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists."); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (if the plaintiff did not state a specific amount in the complaint, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold).

[21] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (alteration in original) (quotation omitted); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").

[22] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).

[23] *Scarlott*, 771 F.3d at 888 (quotation omitted).

the requisite $75,000.[24] However, a plaintiff's bare allegations do not "invest a federal court with jurisdiction."[25] The Fifth Circuit explained,

> [w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.[26]

Therefore, when a plaintiff challenges a defendant's assertion that the amount in controversy exceeds $75,000, the defendant must set forth evidence of the amount in controversy.[27] If the removing party carries its burden, the party opposing removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold."[28]

Generally, attorneys' fees are not includible in determining the amount in controversy, but the exceptions are when attorneys' fees are provided for by contract and when "a statute mandates or allows the payment of such fees."[29] For example, when ascertaining the amount in controversy under an insurance policy, the amount may include the policy limits, potential attorneys' fees, penalties, statutory damages, and punitive damages, but not interest or costs.[30]

   b. **Analysis**

---

[24] *Allen*, 63 F.3d at 1336.
[25] *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *abrogated on other grounds*, 544 U.S. 431 (2005).
[26] *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).
[27] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B) & H.R. REP. NO. 112-10 at 16 (2011)).
[28] *Chavez*, 746 F. App'x at 341. The amount claimed controls unless it can be demonstrated "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *accord De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (holding that, if the amount claimed is not in good faith, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").
[29] *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).
[30] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & nn.6–7 (5th Cir. 1998).

Plaintiff asserts that the amount in controversy is less than $75,000 so this Court does not have diversity jurisdiction and should remand this case.[31] Defendant disagrees.[32]

With respect to the amount in controversy, Plaintiff pleads the following:

> As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Pleading more specifically, the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. Plaintiff's [sic] is filing this lawsuit related to the Main Dwelling on the Property. The unpaid damages at this time on the Main Dwelling are $46,690.82.[33]

Defendant State Farm agrees that the actual damages in controversy are $46,690.82, but argues that damages are brought over the threshold by adding "at least $20,000.00 in attorney's fees to litigate the case" calculated by multiplying Plaintiff's counsel's specified hourly rate of $400 per hour with the bare minimum fifty hours required to prosecute this case, plus $3,600 in attorney's fees to date, plus $8,000 in prompt payment interest under the Texas Insurance Code.[34] Defendant asserts that the total amount in controversy is $78,290.82.

Defendant's estimation of the $20,000 minimum fees necessary to prosecute this case is based on an uncontroverted affidavit of Attorney James H. Hunter, Jr., an attorney not employed at Defendant's counsel's firm.[35] This evidence is relevant to ascertaining the amount in controversy.[36] Attorney Hunter avers, "[w]ith respect to the time necessary to prosecute a typical homeowners case . . . , it is my experience that the <u>bare minimum</u> amount of time required to prosecute such a case is 50 hours," including time spent in "case development" and settlement negotiations.[37] However, Defendant is double counting. Defendant already assessed "attorney's

---

[31] Dkt. No. 6 at 1.
[32] Dkt. No. 7 at 3, § C.
[33] Dkt. No. 1-2 at 6–7.
[34] Dkt. No. 7 at 5, ¶¶ 11–12 (citing Dkt. No. 7-2).
[35] *Id.*
[36] *See supra* notes 21–22.
[37] Dkt. No. 7-2 at 2–3.

fees of $3,600.00 to date,"[38] which is *included* in the $20,000 minimum necessary to prosecute this case. Subtracting the $3,600 from the amount Defendant asserts is in controversy leaves only $74,690.82, which is $309.19 less than the threshold of $75,000.01 to meet diversity jurisdiction. In sum, taking all of Defendant's assertions and evidence as true, the threshold amount in controversy is still not met.

### III. HOLDING

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand.[39] This case is **REMANDED** in its entirety to the 464th District Court of Hidalgo County, Texas.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of December 2021.

_____
Micaela Alvarez
United States District Judge

---

[38] Dkt. No. 7 at 3, ¶ 6.
[39] Dkt. No. 6.